UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| JANIS GRIFFIN, INDIVIDUALLY AND AS DAUGHTER OF CHARLES W. GRIFFIN, DECEASED, <br><br> Plaintiff, <br><br> vs. <br><br> CHARLES G. BREED, CHARLES R. BREED, WHITNEY V. BREED, JANIS R. BREED, LESLIE KOBATA, IN HIS INDIVIDUAL CAPACITY AS HAWAII STATE OFFICIAL, <br><br> Defendants. | CIV. NO. 22-00503 LEK-RT |

**ORDER GRANTING DEFENDANT LESLIE KOBATA'S
MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED
COMPLAINT (DKT. 34) FILED SEPTEMBER 11, 2023, WITH PREJDUCE**

On September 21, 2023, Defendant Leslie Kobata ("Kobata") filed his Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. 34) Filed September 11, 2023, with Prejudice ("Motion"). [Dkt. no. 35.] Pro se Plaintiff Janis Griffin ("Plaintiff") filed her memorandum in opposition on October 5, 2023. [Dkt. no. 37.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). Kobata's Motion is hereby granted for the reasons set forth below.

BACKGROUND

Plaintiff filed her original complaint on December 5, 2022. [Dkt. no. 1.] She filed her First Amended Complaint, pursuant to Fed. R. Civ. P. 15(a)(1)(B), on March 17, 2023. [Dkt. no. 14.] On June 30, 2023, this Court informed the parties that the claims in Plaintiff's First Amended Complaint were dismissed without prejudice and that a written order would follow that granted in part and denied in part the defendants' motions to dismiss the First Amended Complaint. See Minute Order - EO: Court Order: Informing the Parties of the Court's Rulings on Defendants' Motions; and Vacating the Hearing on the Motions, filed 6/30/23 (dkt. no. 26) ("6/30 EO Ruling"). Although Plaintiff was instructed that she was not to file her second amended complaint until after the written order was filed, [id. at PageID.263,] Plaintiff filed her Second Amended Complaint on August 2, 2023, [dkt. no. 28].

The written order regarding the defendants' motions to dismiss addressed both Plaintiff's First Amended Complaint and her Second Amended Complaint. See Order Granting in Part and Denying in Part Defendant Leslie Kobata's Motion for Partial Dismissal of Plaintiff's First Amended Complaint Filed March 17, 2023, with Prejudice; Granting in Part and Denying in Part Defendants C.G. Breed, C.R. Breed, Whitney Breed, and Janis Breed's Motion to Dismiss First Amended Complaint; Sua Sponte

2

Dismissing Plaintiff's Second Amended Complaint; and Denying Plaintiff's Petition for Change of Venue, filed 8/25/23 (dkt. no. 32) ("8/25 Order").[1]  Relevant to the Motion currently before this Court, the 8/25 Order dismissed Plaintiff's claims against Kobata in the First Amended Complaint for lack of standing. 8/25 Order, 2023 WL 5508097, at *2-3.  This Court noted that the Second Amended Complaint attempted to cure the deficiencies in Plaintiff's claims that were identified in the 6/30 EO Ruling. Because the Second Amended Complaint still failed to plead sufficient allegations regarding standing, the Second Amended Complaint was also dismissed.  The dismissal was without prejudice, and Plaintiff was permitted to file a third amended complaint by September 25, 2023.  Id. at *5-7.

On September 11, 2023, Plaintiff filed a document that is also titled "Second Amended Complaint."  [Dkt. no. 34.]  For the sake of clarity, this Court will refer to the filing as Plaintiff's "Third Amended Complaint."  Leslie Kobata, in his individual capacity, is the only Defendant named in the Third Amended Complaint.  See Third Amended Complaint at pg. 4.  Like the prior versions of her complaint, the Third Amended Complaint arises from a dispute over the transfer of Plaintiff's father's condominium in Honolulu, Hawai`i ("the Property").  Plaintiff

---

[1] The 8/25 Order is also available at 2023 WL 5508097.

3

alleges that her father, Charles W. Griffin ("C.W. Griffin"), purchased the Property in 2013, and transferred the Property to himself and his wife Ann Yurick as tenants in the entirety in 2016. [Id. at ¶¶ 25-26.] Plaintiff alleges that C.W. Griffin and Yurick entered a marital settlement in 2016, which returned the Property to C.W. Griffin. [Id. at ¶ 27.] Subsequently, the Property was conveyed to Charles Gregory Breed ("C.G. Breed"). See id. at ¶¶ 30-31, 37-39. Plaintiff alleges the Property was wrongfully conveyed to C.G. Breed. See, e.g., id. at ¶¶ 5, 30-39, 41-42, 51-52.

Regarding standing, Plaintiff pled an "estate interest" in the Property in her Second Amended Complaint, [Second Amended Complaint at ¶ 12.d,] which this Court ruled to be insufficient to plead standing. See 8/25 Order, 2023 WL 5508097, at *5. In the Third Amended Complaint, she appears to allege that her "estate interest" is based on her status as a "beneficiary" or privity. See, e.g., Third Amended Complaint at ¶ 51.

The Third Amended Complaint alleges the following claims: a 42 U.S.C. § 1983 claim alleging the violation of Plaintiff's Fourteenth Amendment due process rights ("Count I"); and a § 1983 claim alleging the violation of Plaintiff's First Amendment right to petition the government ("Count II"). In the Motion, Kobata contends the Second Amended Complaint must be

dismissed with prejudice for lack of standing because Plaintiff does not allege infringement of a legally protected interest held by Plaintiff, and that Plaintiff's Second Amended Complaint does not meet Fed. R. Civ. P. 8's pleading requirements. [Motion, Mem. in Supp. at 2, 6-7.]

## DISCUSSION

The legal principles regarding the Article III standing requirement are set forth in the 8/25 Order and will not be repeated here.  The Third Amended Complaint's allegation that Plaintiff's "estate interest" is based on her status as a "beneficiary" or privity do not change the standing analysis from the 8/25 Order.  The allegations in the Third Amended Complaint are not materially different from Plaintiff's allegations in the Second Amended Complaint that she has an "estate interest" based on her status as an "heir-at-law" and a "beneficial interest" in the Property.  See Second Amended Complaint at ¶¶ 22, 28.  The Third Amended Complaint includes a new allegation that Plaintiff has a contractual interest in the Property.  See Third Amended Complaint at ¶ 51.  Plaintiff does not allege any factual basis for this alleged contractual interest, nor does she describe the contract through which she was allegedly granted this interest.  As such, Plaintiff does not adequately allege standing based on a contractual interest in the Property.  Plaintiff has not articulated a legally

5

cognizable interest in the Property at the time the Property was conveyed to C.G. Breed.  See 8/25 Order, 2023 WL 5508097, at *5-6.

Because Plaintiff fails to allege that she has a legally protected interest in the Property, Plaintiff does not have standing to pursue the claims in the Third Amended Complaint.  See id. at *2 (quoting Tyler v. Hennepin Cnty., 143 S. Ct. 1369, 1374 (2023); Van v. LLR, Inc., 61 F.4th 1053, 1063 (9th Cir. 2023)).  Because Plaintiff does not have standing, she does not present a "case or controversy," and therefore this Court lacks subject matter jurisdiction.  See id. (quoting Cetacean Cmty. v. Bush, 386 F.3d 1169, 1174 (9th Cir. 2004) (some citations omitted)).  Plaintiff's Third Amended Complaint must be dismissed.

Plaintiff had ample opportunity to amend her complaint, and it is clear that Plaintiff would not be able to cure the defect in her claims by amendment.  See id. at *7 ("The Court cautions Plaintiff that she is not necessarily entitled to additional amendments of her complaint, particularly because she fails to allege a core constitutional requirement concerning the Court's jurisdiction over the instant case."); see also Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009) ("The fact that [the plaintiffs] failed to correct these deficiencies in its Second Amended Complaint is a strong

6

indication that the plaintiffs have no additional facts to plead." (citation and internal quotation marks omitted)).  The dismissal must therefore be with prejudice.

## CONCLUSION

For the foregoing reasons, Kobata's Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. 34) Filed September 11, 2023, with Prejudice is hereby GRANTED.  The document that is Plaintiff's Third Amended Complaint, filed September 11, 2023, is DISMISSED WITH PREJUDICE.  The Clerk's Office is directed to enter judgment and close the case on **December 7, 2023,** unless a timely motion for reconsideration of the instant Order is filed.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, November 22, 2023.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**JANIS GRIFFIN, ETC. VS. CHARLES G. BREED, ET AL**; CV 22-00503 LEK-RT; ORDER GRANTING DEFENDANT LESLIE KOBATA'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT (DKT. 34) FILED SEPTEMBER 11, 2023, WITH PREJUDICE