```
                UNITED STATES DISTRICT COURT

                    DISTRICT OF HAWAII
```

| | |
|---|---|
| JANIS GRIFFIN, INDIVIDUALLY AND AS DAUGHTER OF CHARLES W. GRIFFIN, DECEASED;<br><br>            Plaintiff,<br><br>    vs.<br><br>CHARLES G. BREED, CHARLES R. BREED, WHITNEY V. BREED, JANIS R. BREED, LESLIE KOBATA, IN HIS INDIVIDUAL CAPACITY AS HAWAII STATE OFFICIAL;<br><br>            Defendants. | CIV. NO. 22-00503 LEK-RT |

**ORDER DENYING PLAINTIFF'S MOTION TO SET ASIDE**
**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

On November 22, 2023, this Court issued the Order Granting Leslie Kobata's Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. 34), Filed September 11, 2023, with Prejudice ("11/22 Order").[1] [Dkt. no. 40.[2]] Before this Court is pro se Plaintiff Janis Griffin's ("Plaintiff") "Plaintiff's Motion to Set Aside Order Granting Defendant's Motion to Dismiss," filed on December 11, 2023. [Dkt. no. 43.] The Court construed this filing as a motion for reconsideration of the

---

[1] The 11/22 Order addressed Defendant Leslie Kobata's ("Kobata") Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. 34) Filed September 11, 2023, with Prejudice, [filed 9/21/23 (dkt. no. 35)] ("Motion to Dismiss").

[2] The 11/22 Order is also available at 2023 WL 8113896.

11/22 Order ("Motion for Reconsideration") and took the matter under advisement. [Minute Order – EO: Court Order Construing "Plaintiff's Motion to Set Aside Order Granting Defendant's Motion to Dismiss" as a Motion for Reconsideration, filed 12/13/23 (dkt. no. 44).] Plaintiff's Motion for Reconsideration is hereby denied for the reasons set forth below.

## DISCUSSION

The parties and this Court are familiar with the factual and procedural background of this case, and it need not be repeated here.

### I. Standards

Because the 11/22 Order was case dispositive, Plaintiffs' Motion for Reconsideration is "governed by Fed. R. Civ. P. 59 or 60, as applicable." See Local Rules LR60.1. Because no judgment has been issued in this case, Fed. R. Civ. P. 60 applies. See Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). Rule 60(b) states, in pertinent part: "On motion and just terms, the court may relieve a party or its legal representative from a final . . . order, or proceeding for the following reasons: . . . or (6) any other reason that justifies relief." The Ninth Circuit has stated:

> We use Rule 60(b)(6) "sparingly as an equitable remedy to prevent manifest injustice." United States v. Alpine Land & Reservoir Co., 984 F.2d

2

> 1047, 1049 (9th Cir. 1993). To receive relief under Rule 60(b)(6), a party must demonstrate "extraordinary circumstances which prevented or rendered him unable to prosecute [his case]." [Cmty. Dental Servs. v.] Tani, 282 F.3d [1164,] 1168 [(9th Cir. 2002)] (citing Martella v. Marine Cooks & Stewards Union, 448 F.2d 729, 730 (9th Cir. 1971) (per curiam)).

Lal v. California, 610 F.3d 518, 524 (9th Cir. 2010) (some alterations in Lal).

As to motions for reconsideration in general, this district court has stated:

> A motion for reconsideration must: (1) demonstrate reasons that the court should reconsider its prior decision; and (2) must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Fisher v. Kealoha, 49 F. Supp. 3d 727, 734 (D. Haw. 2014). The Ninth Circuit has said that reconsideration may be appropriate if: (1) the district court is presented with newly discovered evidence; (2) the district court committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law. See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).
>
> Mere disagreement with a previous order is an insufficient basis for reconsideration. Fisher, 49 F. Supp. 3d at 735. This court "'enjoys considerable discretion in granting or denying the motion.'" Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc)).

Smith v. Frink, Civil No. 20-00377 SOM-RT, 2020 WL 7130511, at *2 (D. Hawai`i Dec. 4, 2020).

II.  **Motion for Reconsideration**

In the 11/22 Order, this Court determined Plaintiff lacked standing and dismissed her claims with prejudice. [11/22 Order at 6-7.] In the Motion for Reconsideration, Plaintiff argues she can assert third-party standing on Charles W. Griffin's ("C.W. Griffin") behalf, even though C.W. Griffin can no longer assert his own right to pass his property "by testamentary" because he passed away. Plaintiff argues had the property returned to C.W. Griffin before his death, he could have chosen to pass the property to Plaintiff. [Motion for Reconsideration, Mem. in Supp. at 8.] This argument fails. As this Court previously stated, pro se plaintiffs are prohibited from pursuing claims on behalf of others in a representative capacity. See Order: Granting in Part and Denying in Part Defendant Leslie Kobata's Motion for Partial Dismissal of Plaintiff's First Amended Complaint Filed March 17, 2023, with Prejudice; Granting in Part and Denying in Part Defendants C.G. Breed, C.R. Breed, Whitney Breed, and Janis Breed's Motion to Dismiss First Amended Complaint; Sua Sponte Dismissing Plaintiff's Second Amended Complaint; and Denying Plaintiff's Petition for Change of Venue, filed 8/25/23 (dkt. no. 32), at 7 (citing Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) ("[C]ourts have routinely adhered to the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of

4

others in a representative capacity." (citations omitted)));[3] see also Local Rule LR81.1(a) ("Those proceeding without an attorney, i.e., 'pro se' or 'in propria persona,' must appear personally on behalf of themselves only[.]"). The Court therefore rejects Plaintiff's argument.

Plaintiff also reasserts her argument that the wrongful conveyance of the property must be set aside. [Motion, Mem. in Supp. at 5-6.] The Court cannot entertain this argument on the merits when the court lacks subject matter jurisdiction due to Plaintiff's lack of standing. See 11/22 Order at 6. Finally, Plaintiff contends the Court lacks grounds to grant Kobata's Motion to Dismiss. [Motion for Reconsideration, Mem. in Supp. at 8-9.] This argument again ignores Plaintiff's lack of standing and is rejected. The Court finds that the arguments raised in the Motion for Reconsideration do not warrant reconsideration of the dismissal of Plaintiff's claims.

## CONCLUSION

For the foregoing reasons, Plaintiff's "Motion to Set Aside Order Granting Defendant's Motion to Dismiss," filed December 11, 2023 is DENIED. There being no remaining claims in this case, the Clerk's Office is DIRECTED to enter judgment and close the case immediately.

---

[3] The August 25, 2023 order is also available at 2023 WL 5508097.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 12, 2024.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

JANIS GRIFFIN, INDIVIDUALLY AND AS DAUGHTER OF CHARLES W. GRIFFIN, DECEASED V. CHARLES G. BREED, ET AL.; CV 22-00503 LEK-RT; ORDER DENYING PLANTIFF'S MOTION TO SET ASIDE ORDER GRANTING DEFENDANT'S MOTION TO DISMSS